JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960
(973) 538-6890
ATTORNEY FOR DEFENDANTS

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LIONEL A. SIOZON, | : |
|  | : |
| Plaintiff, | : Civil Action No. |
|  | : |
| vs. | : |
|  | : **NOTICE AND PETITION FOR** |
| ALLSTATE MANAGEMENT, CORP., | : **REMOVAL OF CASE FROM THE** |
| HIRSCHFIELD MANAGEMENT, INC., | : **SUPERIOR COURT OF NEW JERSEY,** |
| XYZ Corp. 1-10 (fictitious entities), | : **LAW DIVISION, CAMDEN COUNTY** |
|  | : |
| Defendants. | : |
|  | : |

To:  William T. Walsh, Clerk of Court
     United States District Court for the District of New Jersey
     M.L. King, Jr. Federal Bldg. & U.S. Courthouse
     50 Walnut Street
     Newark, NJ 07102

     William B. Hildebrand, Esq.
     William B. Hildebrand Law Offices, LLC
     1040 North Kings Highway Suite 601
     Cherry Hill, New Jersey 08034-1922

Defendant Allstate Management Corp. and Defendant Hirschfield Management Inc., (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, respectfully submit this Notice and Petition For Removal of a Case from the Superior Court of New Jersey, Law Division, Camden County, bearing Docket No. CAM-L-434-13, and as grounds for removal allege as follows:

1.  On January 28, 2013, Plaintiff Lionel A. Siozon ("Plaintiff") filed a civil

action in Lionel Siozon v. Allstate Management Corp., Hirschfield Mgt. Inc., et. al, Docket No. CAM-L-434-13, pending in the Superior Court of New Jersey, Law Division, Camden County. A true and correct copy of the summons and complaint are annexed hereto as Exhibit "A." The summons and complaint were the initial pleadings received by Defendants setting forth the claims upon which Plaintiff's action is based.

2.      Defendant Allstate received a copy of the summons and complaint on February 19, 2013, and Defendant Hirschfield received a copy of the summons and complaint on February 22, 2013, both within thirty (30) days of the filing of the notice and petition for removal.

3.      This notice and petition is timely filed within the provisions of 28 U.S.C. § 1446. Defendants have effected removal within thirty (30) days of receipt by them of a paper from which it could first be ascertained that this action is removable. See 28 U.S.C. § 1446.

4.      Defendants have not filed an answer or other pleading in the Superior Court of New Jersey.

5.      In the Complaint, Plaintiff alleges, *inter alia*, that Defendants violated his rights under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (See Exhibit A, Complaint, at Count I).

6.      Accordingly, this action is being removed to this Court on the ground that original jurisdiction over Plaintiff's claims exists pursuant to 28 U.S.C. § 1331 by virtue of its federal question jurisdiction arising out of Plaintiff's claims under the FLSA, 29 U.S.C. § 201 *et seq*.

7.      Pursuant to 28 U.S.C. §1441(b), this action may be removed to this Court because it is founded, in part, on claims or rights arising under the laws of the United States.

8. Defendants submit this notice and petition without waiving any defenses to the claims asserted by Plaintiff, or conceding that Plaintiff has pleaded claims upon which relief may be granted.

9. Venue is proper in this Court.

10. Pursuant to 28 U.S.C. §1446(d), Defendants have given written notice of the removal of this action to all adverse parties, and has filed a copy of this notice with the Clerk of the Superior Court of New Jersey, Law Division, Camden County.

WHEREFORE, Defendants respectfully request that the within action, now pending in the Superior Court of New Jersey, Law Division, Camden County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834

By: _____
John F. Tratnyek
ATTORNEY FOR DEFENDANTS

Dated: March 19, 2013

4822-9287-4259, v. 1

# EXHIBIT A

Case 1:13-cv-01685-JEI-JS   Document 1   Filed 03/19/13   Page 4 of 13 PageID: 4

## SUMMONS

Attorney(s) William B. Hildebrand, Esq.
Office Address 1040 Kings Hwy North, Suite 601
Town, State, Zip Code Cherry Hill, NJ 08034

Telephone Number (856) 482-7100
Attorney(s) for Plaintiff Lionel A. Siozon

Lionel A. Siozon

Plaintiff(s)

Vs.

Allstate Management Corp., Hirschfield Mgt., Inc., et al.

Defendant(s)

## Superior Court of New Jersey

CAMDEN COUNTY
Civil Trial DIVISION
Docket No: L-434-13

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Clerk of the Superior Court

DATED: 02/17/2013

Name of Defendant to Be Served: Allstate Management Corp.

Address of Defendant to Be Served: 4300 Haddonfield Rd., Suite 314, Pennsauken, NJ 08109

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

CAMDEN COUNTY
SUPERIOR COURT
HALL OF JUSTICE
CAMDEN          NJ 08103

COURT TELEPHONE NO. (856) 379-2200
COURT HOURS

TRACK ASSIGNMENT NOTICE

                DATE:    JANUARY 29, 2013
                RE:      SIOZON VS ALLSTATE MANAGEMENT CORP
                DOCKET:  CAM L -000434 13

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 2.

DISCOVERY IS  300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON ROBERT G. MILLENKY

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     101
AT:  (856) 379-2200 EXT 3070.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                ATTENTION:
                         ATT: WILLIAM B. HILDEBRAND
                         WILLIAM B. HILDEBRAND
                         WILLIAM B HILDEBRAND LAW OFFICES LLC
                         1040 NORTH KINGS HIGHWAY SUITE 601
                         CHERRY HILL          NJ 08034-1922

JUAXT5

LAW OFFICES OF WILLIAM B. HILDEBRAND L.L.C.
By: William B. Hildebrand, Esq.
1040 North Kings Highway, Suite 601
Cherry Hill, NJ 08034-1922
Attorney for Plaintiffs



FILED JAN 28 2013

| LIONEL A. SIOZON,<br><br>Plaintiff<br><br>v.<br><br>ALLSTATE MANAGEMENT CORP., HIRSCHFIELD MANAGEMENT, INC., XYZ Corp. 1-10 (fictitious entities),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - CAMDEN COUNTY<br><br>CIVIL ACTION<br><br>DOCKET NO. L-434-13<br><br><br><br>**COMPLAINT AND JURY TRIAL DEMAND** |
|---|---|

Plaintiff, Lionel A. Siozon, by way of Complaint against Defendants, Allstate Management Corp., Hirschfield Management, Inc. and XYZ Corp. 1-10 (fictitious entities) says:

### NATURE OF ACTION

1. This action is brought to redress injuries and damages sustained as a result of Defendants' unlawful failure and refusal to provide Plaintiff, Lionel A. Siozon with appropriate wages, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("the FLSA"), the New Jersey State Wage and Hour Law *N.J.S.A.* 34:11-56a et seq., the New Jersey Wage Payment Law *N.J.S.A.* 34:11-4.1 et seq., and the common law.

2. Defendants' unlawful practices were committed within the County of Camden. Therefore, venue is appropriate in this County.

## PARTIES

3. Plaintiff, Lionel A. Siozon, is an adult individual who resides in Cherry Hill, Camden County, New Jersey.

4. Defendant, Allstate Management Corp. ("Allstate") is a multi-state real estate management company with an office and place of business located at 4300 Haddonfield Road, Suite 314, Pennsauken, Camden County, NJ 08109.

5. Defendant, Hirschfield Management, Inc. (Hirschfield") is a multi-state real estate management company with an office and place of business located at 1030 New Britain Avenue, Suite 106, West Hartford, CT 06110.

6. Prior to January, 2013, Allstate was Plaintiff's current employer and the successor-in-interest to Hirschfield, Plaintiff's former employer.

7. Both Allstate and Hirschfield are "employers" within the meaning of the FLSA, the New Jersey State Wage and Hour Law and the New Jersey Wage Payment Law.

8. Defendants Allstate, Hirschfield, and/or XYZ Corp. 1-10 (fictitious entities) is/are the legal entities which employed Plaintiff from January, 2010 to the present.

## FACTS

9. Plaintiff hereby repeats and incorporates by reference each and every allegation in paragraphs 1-8 above, as fully as though the same were here set forth at length.

10. For the past several years, Plaintiff was employed by Defendants to perform general maintenance work at the Grand Apartments, a 500+ unit apartment complex in

Cherry Hill, NJ. Plaintiff worked a fixed schedule and was paid a fixed hourly wage (including overtime) for his services.

11. As part of his regular duties, Defendants required Plaintiff to check on the boilers in the complex. There are two buildings in the complex, each building has a boiler, and each boiler takes approximately one-half hour to check. Occasionally, Defendants required Plaintiff to perform these checks outside Plaintiff's regular hours and on weekends. However, Defendants failed and refused to pay Plaintiff for the time spent outside his regular hours performing the boiler checks, despite their legal obligation to do so.

## FIRST COUNT

12. Plaintiff hereby repeats and incorporates by reference each and every allegation in paragraphs 1-11 above, as fully as though the same were here set forth at length.

13. The FLSA protects individuals such as Plaintiff who are required to work more than 40 hours per week by requiring their employers to pay them 1 1/2 times their regular hourly wage for each hour worked in excess of 40 hours in any week.

14. Under the FLSA, the employer is responsible for determining when an overtime payment is required and paying appropriate overtime wages, even if not specifically requested by the employee.

15. Defendants failed and refused to pay Plaintiff any wages for the time spent outside and in addition to his regular hours performing boiler checks, despite their legal obligation to do so. In many cases, adding these hours to Plaintiff's regular hours would result in Plaintiff's total hours for the week to exceed 40, triggering Defendants' obligation

to pay him overtime.

16. The FLSA, 29 U.S.C. § 216, permits an employee who has not been paid overtime wages to file a civil action against his or her employer. In addition to other damages, the statute authorizes the Court to award liquidated damages, attorney's fees and costs to a successful Plaintiff.

17. As a direct and proximate result of Defendants' violation of the FLSA, as described above, Plaintiff has suffered a loss of earnings.

18. Defendants' actions, as described above, were willful, so as to justify the imposition of a three-year statute of limitations.

WHEREFORE, Plaintiff demands judgment against Defendants, Allstate Management Corp., Hirschfield Management, Inc. and XYZ Corp. 1-10 (fictitious entities) for:

(a) such sums as will adequately compensate him for the damages he sustained, including but not limited to his loss of earnings and income;

(b) such sums as will adequately compensate him for liquidated damages;

(c) such sums as will adequately compensate him for any other losses sustained as a result of Defendants' actions, as described above, together with interest, costs of suit and reasonable attorney's fees; and

(d) such further relief as this Court deems just and proper.

## SECOND COUNT

19. Plaintiff hereby repeats and incorporates by reference each and every allegation

in paragraphs 1-18 above, as fully as though the same were here set forth at length.

20. New Jersey's Wage and Hour Law make it unlawful for any employer to pay employees less than 1 1/2 times their hourly wage for each hour worked over 40 per week. In addition, the statute authorizes employees who are paid less than this amount to institute a civil suit to recover the under payment, plus costs and reasonable attorney's fees.

18. Defendants failed and refused to pay Plaintiff appropriate overtime wages for the overtime hours he worked during calendar years 2002-2005.

19. As a result of Defendants' actions, as described above, Plaintiff has suffered a loss of earnings.

20. Defendants' actions, as described above, were willful, so as to justify the imposition of a three-year statute of limitations.

WHEREFORE, Plaintiff demands judgment against all Defendants Allstate Management Corp., Hirschfield Management, Inc. and XYZ Corp. 1-10 (fictitious entities) for:

(a) such sums as will adequately compensate him for the damages he sustained, including but not limited to his loss of earnings and income;

(b) such sums as will adequately compensate him for liquidated damages;

(c) such sums as will adequately compensate him for any other losses sustained as a result of Defendants' actions, as described above, together with interest, costs of suit and attorney's fees; and

(d) such further relief as this court deems just and proper.

## THIRD COUNT

21. Plaintiff hereby repeats and incorporates by reference each and every allegation in paragraphs 1-20 above, as fully as though the same were here set forth at length.

22. New Jersey's Wage Payment Law, *N.J.S.A.* 34:11-4.1 et seq. requires an employer to pay its employees at least twice during each calendar month upon regular pay days designated in advance. Employees must be told at the time of hiring what their pay rate will be and what day they will be regularly paid. In addition, the employee must be told of any changes in pay rates before the changes take effect. These statutory requirements for the payment of wages cannot be avoided by agreement between the employer and employee. Any employee who violates these provisions can be sued in any Court of competent jurisdiction in New Jersey for the full amount of wages due. An employee's acceptance of any payment does not constitute a release of the balance of their claim. Rather, any release required by the employer as a condition of payment is a violation of the law and void.

23. By failing and refusing to pay Plaintiff for all of his hours worked, Defendants violated New Jersey's Wage Payment Law.

24. As a result of Defendants' actions, as described aforesaid, Plaintiff suffered a loss of earnings. In addition, Defendants' actions were willful, so as to justify the imposition of a three-year statute of limitations.

WHEREFORE, Plaintiff demands judgment against Defendants Allstate Management Corp., Hirschfield Management, Inc. and XYZ Corp. 1-10 (fictitious entities) for:

(a) such sums as will adequately compensate him for the damages he sustained,

including but not limited to his loss of earnings and income;

(b) such sums as will adequately compensate him for liquidated damages;

(c) such sums as will adequately compensate him for any other losses sustained as a result of Defendants' actions, as described above, together with interest, costs of suit and attorney's fees; and

(d) such further relief as this court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial as to all issues and claims so triable.

## CERTIFICATION

The undersigned hereby certifies that the matter in controversy is not the subject of any other action or pending arbitration. Nor is any other action or arbitration contemplated, nor are there any other known parties who should be joined to the action.

Dated: 1/26/13

_____
William B. Hildebrand