

Representing Management Exclusively in Workplace Law and Related Litigation

| | |
|---|---|
| **Jackson Lewis LLP** | |
| **220 Headquarters Plaza** | |
| **East Tower, 7th Floor** | |
| **Morristown, NJ 07960-6834** | |
| **Tel 973 538-6890** | |
| **Fax 973 540-9015** | |
| **www.jacksonlewis.com** | |
| **Richard J. Cino - Managing Partner** | |

ALBANY, NY
ALBUQUERQUE, NM
ATLANTA, GA
AUSTIN, TX
BALTIMORE, MD
BIRMINGHAM, AL
BOSTON, MA
CHICAGO, IL
CINCINNATI, OH
CLEVELAND, OH
DALLAS, TX
DENVER, CO

DETROIT, MI
GRAND RAPIDS, MI
GREENVILLE, SC
HARTFORD, CT
HOUSTON, TX
INDIANAPOLIS, IN
JACKSONVILLE, FL
LAS VEGAS, NV
LONG ISLAND, NY
LOS ANGELES, CA
MEMPHIS, TN
MIAMI, FL

MILWAUKEE, WI
MINNEAPOLIS, MN
MORRISTOWN, NJ
NEW ORLEANS, LA
NEW YORK, NY
NORFOLK, VA
OMAHA, NE
ORANGE COUNTY, CA
ORLANDO, FL
PHILADELPHIA, PA
PHOENIX, AZ
PITTSBURGH, PA
PORTLAND, OR

PORTSMOUTH, NH
PROVIDENCE, RI
RALEIGH-DURHAM, NC
RICHMOND, VA
SACRAMENTO, CA
SAINT LOUIS, MO
SAN DIEGO, CA
SAN FRANCISCO, CA
SEATTLE, WA
STAMFORD, CT
TAMPA, FL
WASHINGTON, DC REGION
WHITE PLAINS, NY

JOHN F. TRATNYEK
Email Address: tratnyej@jacksonlewis.com

June 14, 2013

**VIA ECF FILING AND OVERNIGHT MAIL**
Honorable Joseph E. Irenas, Senior U.S.D.J.
United States District Court
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

> Re:  Lionel A. Siozon v. Allstate Management Corp., et al
>      Civil Action No.: 1-13-cv-01685-JEI-JS

Dear Judge Irenas:

We represent the Defendant, Allstate Management Corp., in the above matter. We submit the within correspondence explaining the basis and reasonableness of the settlement in the above-matter. By way of background, Plaintiff Lionel A. Siozon ("Plaintiff"), filed a complaint alleging violations of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. § 34:11-56a, and the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1. Specifically, Plaintiff alleges Defendant failed to compensate him for all hours worked in excess of forty (40) during given workweeks. Plaintiff claims as a maintenance employee he checked the boilers in two building complexes, without receiving overtime compensation. (See Plaintiff's Complaint, ¶ 9).

Defendant disputes Plaintiff's allegations and further denies that Plaintiff worked in excess of forty (40) hours per week with any regularity. Rather, checking the boilers is a seasonal responsibility and, in fact, during the warm-weather months (e.g., April through September) the boilers are not checked. This work is only done from October through March and takes 15 minutes to 30 minutes and is not done regularly by Plaintiff. However, Plaintiff was also seeking liquidated damages and attorney's fees. Accordingly, the total amount of the settlement is reasonable to all sides, given the risks and likely costs of continued litigation. Therefore, Defendant asserts the total settlement contains adequate consideration for a release of the FLSA/NJWHL claims as well as the general release of all claims the he had or may have had against Defendant up to the signing of the Agreement.


Attorneys at Law

Honorable Joseph E. Irenas, Sr. U.S.D.J.
United States District Court
June 14, 2013
Page 2

We thank the Court for its time and consideration of the above and respectfully request that Your Honor sign the enclosed joint proposed Consent Order.

Respectfully submitted,

JACKSON LEWIS LLP

*s/ John F. Tratnyek*
John F. Tratnyek

JFT/is
Encl.
cc:     William B. Hildebrand, Esq. (w/encl.)